# In the United States Court of Federal Claims

No. 21-2272
(Filed: November 18, 2022)

## NOT FOR PUBLICATION

```
*****************************************
DANIEL P. MCCARTHY,                *
                                   *          Pro Se; Lack of Subject-Matter
                    Plaintiff,     *          Jurisdiction; RCFC 12(b)(1); Motion
                                   *          to Amend; Military Service Deposit;
        v.                         *          Administrative Procedure Act;
                                   *          Declaratory Judgment Act; Federal
THE UNITED STATES,                 *          Tort Claims Act; Writ of Mandamus;
                                   *          Due Process.
                    Defendant.     *
*****************************************
```

*Daniel P. McCarthy*, Jackson, MI, *pro se*.

*Kristin E. Olson*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

## OPINION AND ORDER

**DIETZ, Judge.**

Daniel P. McCarthy, a *pro se* plaintiff, challenges certain actions and decisions made by the United States Citizenship and Immigration Services ("USCIS"), the Defense Finance and Accounting Service ("DFAS") and the Office of Personnel Management ("OPM") denying his request to make military service deposits to enhance his civil service retirement annuity payments. The government moves to dismiss Mr. McCarthy's complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Because this Court does not have jurisdiction to review a decision by OPM on retirement benefit claims and Mr. McCarthy otherwise fails to identify a money-mandating source of law that provides this Court with jurisdiction over his claims, the Court **GRANTS** the government's motion to dismiss.

## I.      BACKGROUND

Under the Federal Employee Retirement System ("FERS"), a federal civilian employee who performed military service may be entitled to enhanced civilian annuity payments. *See* 5 U.S.C. § 8411(c)(1)(B); 5 U.S.C. § 8422(e)(1)(A).[1] A federal employee can have their qualifying

---

[1] Mr. McCarthy's complaint is unclear as to whether he retired under the Civil Service Retirement System ("CSRS") or the FERS. A determination of whether Mr. McCarthy retired under the CSRS or FERS is not necessary for the Court to rule on the government's motion to dismiss because OPM has the authority to adjudicate all claims under

military service credited toward their years of civil service by paying a deposit into the civilian retirement fund.[2] *See* 5 U.S.C. § 8411(c)(1)(B); *Faris v. Dept. of the Air Force*, 2022 WL 4376408, at *2 (Fed. Cir. Sept. 22, 2022). The military service deposit must be paid in full to the employing agency, which remits the amount to OPM, prior to the federal employee's retirement from the civil service. 5 U.S.C. § 8422(e)(1)(A); 5 C.F.R. § 842.307(c). An employee who fails to pay the deposit prior to their retirement may still make a lump sum payment if OPM rules that there was an administrative error in processing the employee's deposit. *See* 5 C.F.R. § 842.307(a)(3).

On June 28, 2011, Mr. McCarthy, while working at USCIS, began the process for making his military service deposit. Compl. [ECF 1] ¶¶ 6, 8. Mr. McCarthy sought to make a deposit for various long-term active-duty service periods and short-term active-duty reserve tours in the United States Army. *See id.* ¶¶ 9-10; Ex. A [ECF 1-1]. In January 2013, Mr. McCarthy successfully made a deposit and received credit for some of his military service. [ECF 1] ¶ 15. However, because some of Mr. McCarthy's military service could not be corroborated, he did not receive credit for all his alleged military service. *Id.* ¶ 18.

Mr. McCarthy exchanged several communications with the USCIS personnel office, attempting to receive credit for his disputed service. *See id.* ¶¶ 19-36. A member of the personnel office noted "a lot of red flags with the documentation provided [by Mr. McCarthy,] such as missing signatures on the forms and [the fact that] some forms are hand[]written." *Id.* ¶ 30. In an apparent attempt to assist Mr. McCarthy, the personnel office submitted supplemental documentation, on behalf of Mr. McCarthy, to DFAS to obtain an estimate of Mr. McCarthy's earnings during the disputed military service periods. *Id.* ¶ 30-32. Nevertheless, on April 15, 2015, DFAS responded that it was unable to process this request because of insufficient information. [ECF 1] ¶ 35. DFAS advised that Mr. McCarthy should submit new documentation because he submitted "Chronological Statements of Service, which are not acceptable documents for estimated earnings" and because some of the documents were illegible. *Id.* Interestingly, on October 21, 2015, Mr. McCarthy, after contacting his Senator to request assistance, obtained a DFAS estimate of his earnings for his disputed period of military service. *Id.* ¶¶ 38-41.

On October 26, 2015, Mr. McCarthy submitted a claim to OPM seeking to complete a deposit for active-duty service. *Id.* ¶¶ 42-43. OPM denied Mr. McCarthy's request to make a claim on November 7, 2015. *Id.* ¶ 43. In response, Mr. McCarthy mailed a request for reconsideration to OPM on December 7, 2015. *Id.* ¶ 46. Mr. McCarthy alleges that OPM signed for receipt of his request of reconsideration on December 9, 2015, however, Mr. McCarthy never received a decision. *Id.* ¶ 47; Pl.'s Resp. to Def.'s Mot. to Dismiss [ECF 12] at 8.[3] The government states that OPM has no record of receiving Mr. McCarthy's alleged request for reconsideration. *See* Def.'s Mot. to Dismiss [ECF 10] at 13 n.3.

---

the CSRS and the FERS. *See* 5 U.S.C. § 8347 (a)-(b) (CSRS); 5 U.S.C. § 8461(b)-(c) (FERS). For simplicity, the Court cites to the relevant FERS statutes and regulations.

[2] The amount of the deposit is three percent of the military basic pay that the employee earned during their period of service, plus interest. 5 U.S.C. § 8422(e)(1)(A); 5 C.F.R. § 842. 307(b)(1).

[3] All page numbers in the parties' briefings refer to the page number generated by the CM/ECF system.

Mr. McCarthy filed his complaint in this Court on December 7, 2021. [ECF 1]. The government subsequently filed a motion to dismiss pursuant to RCFC 12(b)(1) for lack of subject-matter jurisdiction. [ECF 10]. In his response, in addition to opposing the government's motion, Mr. McCarthy requested that the Court allow him to amend his complaint if doing so would avoid dismissal. *See* [ECF 12] at 1. The government's motion is now fully briefed, and the Court has determined that oral argument is not necessary.

## II.    LEGAL STANDARDS OF REVIEW

Jurisdiction is a threshold issue that the court must address before proceeding to the merits of the case. *See Remote Diagnostic Techs. LLC v. United States*, 133 Fed. Cl. 198, 202 (2017) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). A motion to dismiss for lack of subject-matter jurisdiction challenges the court's "general power to adjudicate in specific areas of substantive law[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1). When considering a motion to dismiss for lack of jurisdiction, the court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). A plaintiff must establish jurisdiction by a preponderance of the evidence. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013).

The Court construes pleadings from *pro se* plaintiffs liberally. *See Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018). The leniency afforded to *pro se* plaintiffs, however, does not give the court "discretion to bend . . . [or] take a liberal view of jurisdictional requirements for *pro se* litigants[.]" *Stanley v. United States*, 107 Fed. Cl. 94, 98 (2012). *Pro se* plaintiffs must still establish the Court's jurisdiction by a preponderance of the evidence. *See Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017); *Trevino v. United States*, 113 Fed. Cl. 204, 208 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014).

## III.    DISCUSSION

While the Court understands Mr. McCarthy's frustration, the Court lacks jurisdiction to consider his dispute regarding his civilian annuity enhancement. This Court is a court of limited jurisdiction. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). This Court's jurisdiction is defined by the Tucker Act, which waives the sovereign immunity of the United States for "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. 1491(a) (2018). The Tucker Act, however, is "merely a jurisdictional statute and does not create a substantive cause of action." *Rick's Mushrooms Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). To establish this Court's jurisdiction, a plaintiff must "identify a substantive source of law that creates the right to recovery of money damages against the United States." *Id.* (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983)). Although Mr. McCarthy asserts multiple causes of action stemming from his attempts to make military service deposits to enhance his civil service retirement annuity payments, *see* [ECF 1] ¶¶ 58-70, none of his causes of action are based on a money-mandating source of law that grants this Court jurisdiction.

Mr. McCarthy's primary claim is best characterized as a challenge to the merits of OPM's denial of his request to make a military service deposit to receive an enhanced civilian annuity. Mr. McCarthy begins his complaint by stating that "[t]his action seeks enhanced civilian annuity payments going forward, through a judgment that certain actions and/or administrative decisions by [USCIS], [DFAS], and [OPM] were and continue to be arbitrary, capricious, without factual support and contrary to law." [ECF 1] at 1. Furthermore, in his request for relief, Mr. McCarthy demands: "[a] declaration that Plaintiff's evidence already submitted to Defendant compels a favorable adjudication of civilian annuity entitlement based on active-duty military service[;]" "an order allowing Plaintiff to remit such sums . . . as a deposit needed to permit the crediting of civilian annuity enhancement based upon military service[;]" "[a]n injunction compelling Defendant . . . to properly verify Plaintiff's performance of qualifying military service creditable for civilian retirement[;]" and "[m]onetary damages for back pay of improperly denied civilian annuity amounts[.]" *Id.* at 15.

The power to review civilian retirement benefits decisions—including decisions related to civilian annuity payments—rests solely with OPM. *See* 5 U.S.C. § 8461(c) (stating that OPM "shall adjudicate all claims" related to retirement under FERS); *Anthony v. Off. of Pers. Mgmt.*, 58 F.3d 620, 626 (Fed. Cir. 1995); *El v. United States*, 730 Fed. App'x 928, 929 (Fed. Cir. 2018); *McGhee v. United States*, 155 Fed. Cl. 380, 386 (2021). After receiving a decision on a retirement benefits decision from OPM, the claimant may either petition for reconsideration or appeal the decision to the Merit Systems Protection Board ("MSPB"). *See* 5 U.S.C. § 8461(e)(1); 5 C.F.R. § 841.305. A decision by the MSPB is then subject to judicial review by the United States Court of Appeals. 5 U.S.C. § 7703(b)(1)(A). This Court is noticeably absent from the structure of the review scheme. Instead, under this scheme, the MSPB possesses the exclusive jurisdiction to review the merits of an OPM decision with respect to civilian retirement benefits.[4] *See Stekelman v. United States*, 752 F. App'x 1008, 1010 (Fed. Cir. 2018) ("We find no authority from Congress or otherwise granting the Court of Federal Claims jurisdiction for 'adjudicating disputes over retirement annuities and benefits' when the underlying dispute rests on personnel action subject to MSPB review); *accord Lindahl v. Off. of Pers. Mgmt*, 470 U.S. 768, 773-74 (1985); *Miller v. Off. of Pers. Mgmt.*, 449 F.3d 1374, 1377-78 (Fed. Cir. 2006). Accordingly, review of OPM's denial of Mr. McCarthy's request to pay a military service deposit for his years of service and to receive a civilian annuity enhancement can be heard only by the MSPB and not by this Court. *See Pueschel v. United States*, 297 F.3d 1371, 1378 (Fed. Cir. 2002) ("This court has long held that the Court of Federal Claims does not have jurisdiction over a case that could be heard by the MSPB.").[5]

---

[4] Mr. McCarthy argues that MSPB does not have exclusive jurisdiction over OPM's decision because 5 U.S.C. § 8461(e)(1) only states that OPM decisions "may" be appealed to the MSBP. *See* [ECF 12] at 5. The use of "may" in the context of 5 U.S.C.§ 8461(e)(1) only indicates that Mr. McCarthy has the option to appeal to the MSBP, not that the MSPB is one of several forums that can review OPM's decision. *See Miller v. Off. of Pers. Mgmt.*, 449 F.3d 1374, 1377-78 (Fed. Cir. 2006).

[5] Mr. McCarthy also argues that he cannot appeal to the MSPB because OPM has not yet issued a final decision on his request for reconsideration. *See* [ECF 12] at 5-6. However, OPM's alleged failure to issue a final decision on a request for reconsideration does not result in this Court having jurisdiction. The MSPB may assume jurisdiction when OPM "has refused or improperly failed to issue a final decision." *Stillwell v. Merit Sys. Prot. Bd.*, 629 F.

In addition to Mr. McCarthy's challenge to OPM's decision denying him enhanced civilian annuity, the Court liberally construes Mr. McCarthy's complaint to also include a challenge to agency actions under the Administrative Procedures Act ("APA"). Mr. McCarthy alleges that USCIS, DFAS, and OPM acted "arbitrar[ily], capricious[ly], without factual support and contrary to law" when computing his enhanced civilian annuity payments. [ECF 1] at 1, *see also id.* ¶ 57. While the APA waives sovereign immunity and entitles a person wronged by agency action to judicial review, *see* 5 U.S.C. § 703, relief under the APA is limited to "relief other than money damages." 5 U.S.C. § 702; *see Wopsock v. Natchess*, 454 F.3d. 1327, 1333 (Fed. Cir. 2006) (finding that the APA is not a money-mandating statute). Since the APA does not provide for money damages, APA claims fall outside of this Court's jurisdiction. *See Albino v. United States*, 104 Fed. Cl. 801, 815 (2012); *Stroughter v. United States*, 89 Fed. Cl. 755, 763 (2009). Accordingly, the Court also lacks jurisdiction to consider any APA challenges related to the actions of USCIS, DFAS, and OPM, on behalf of the United States, in calculating Mr. McCarthy's civilian annuity enhancement.

Mr. McCarthy's causes of action under the Declaratory Judgement Act, the Federal Tort Claims Act, and the Mandamus Act do not fare any better at establishing this Court's jurisdiction. Mr. McCarthy seeks, under the Declaratory Judgment Act, "an order declaring that he has a right to have all his military service . . . credited upon payment of a deposit[.]" [ECF 1] ¶ 59. Although other courts have the general power to issue declaratory judgements, such general power does not extend to this Court, and this Court lacks jurisdiction to consider claims under the Declaratory Judgement Act without an underlying claim for money damages. *See Nat'l Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716 (Fed. Cir. 1998); *United States v. King*, 395 U.S. 1, 5 (1969); *Bench Creek Ranch, LLC v. United States*, 149 Fed. Cl. 222, 226 (2020). Mr. McCarthy also seeks monetary damages under the Federal Tort Claims Act for being "deprived of the full scope of the civilian annuity to which he may be found entitled[.]" [ECF 1] ¶ 62. United States district courts have "exclusive jurisdiction" over Federal Tort Claims. *See* 28 U.S.C. § 1346(b); *Robleto v. United States*, 634 Fed. Appx. 306, 308 (2015). Furthermore, under the Tucker Act, this Court explicitly and unambiguously lacks jurisdiction over tort actions against the United States. 28 U.S.C. § 1491(a)(1); *see also Brown v. United States,* 105 F.3d 621, 623 (Fed. Cir. 1997). Additionally, Mr. McCarthy seeks a writ of mandamus to compel DFAS to verify Mr. McCarthy's disputed service. *See* [ECF 1] ¶ 65. This Court lacks the authority to issue a writ of mandamus because that power rests solely with United States district courts. *See* 28 U.S.C. § 1361; *Ross v. United States*, 122 Fed. Cl. 343, 348 (2015) ("As a non-Article III court, this Court does not have authority to issue a writ of mandamus" (citation omitted)); *Del Rio v. United States*, 87 Fed. Cl. 536, 540 (2009).[6] [7]

---

App'x 998, 999 (Fed. Cir. 2015); *see also Okello v. Off. of Pers. Mgmt.,* 120 M.S.P.R. 498, 502 (2014); *Easter v. Off. of Pers. Mgmt.,* 102 M.S.P.R. 568, 571 (2006).

[6] Mr. McCarthy's complaint alludes to potential due process claims under the Fifth and Fourteenth Amendments. [ECF 1] ¶¶ 66-70. The Court, however, lacks jurisdiction over due process claims because "[t]he Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." *Smith v. United States,* 709 F.3d 1114, 1116 (Fed. Cir. 2013).

[7] Mr. McCarthy's complaint seeks "entitlement to a military pension from the Department of Defense" and "[m]onetary damages for back pay of improperly denied military pension benefits[.]" [ECF 1] at 1, 15-16. Mr. McCarthy does not provide any factual allegations to support these claims. Simply claiming entitlement to military

In his response to the government's motion, Mr. McCarthy requests that the Court provide instructions "to Plaintiff to amend his [c]omplaint[,]" and he asserts a new military pay claim. *See* [ECF 12] at 1-2. The Court construes this as a request to amend his complaint to add a military pay claim. RCFC 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Further, it states that "[t]he court should freely give leave when justice so requires." RCFC 15(a)(2). The decision to grant leave to amend a complaint is within the discretion of the Court. *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 331 (1971). However, granting a motion for leave to amend is not appropriate in certain circumstances, such as when the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile if it could not survive a dispositive pretrial motion. *Kemin Foods, L.C. v. Pigmentos Vegetales Del Cenro S.A. de C.V.*, 464 F.3d 1339, 1354-55 (Fed. Cir. 2006).

The Court denies Mr. McCarthy's request to amend his complaint because it would be futile. Mr. McCarthy argues that he should be permitted to amend his complaint to add a military pay claim because "military pay is inextricably linked, in one way or another, to all of Plaintiff's claims." [ECF 12] at 2. This argument is not persuasive. Even if Mr. McCarthy's claim is fashioned as a military pay claim, it is still—at its core—a claim for a civilian annuity enhancement. Mr. McCarthy admitted as much when, in his response to the government's motion to dismiss, he stated that his claim is for military pay "incident to active duty credit toward civilian annuity enhancement." *Id.* As explained above, this Court does not have jurisdiction to consider a claim for a civilian annuity enhancement. *See Pines Residential Treatment Ctr., Inc. v. United States*, 444 F.3d 1379, 1380 (Fed. Cir. 2006) ("Regardless of a party's characterization of its claim, [the Court] look[s] to the true nature of the action in determining the existence or not of jurisdiction." (quotation marks omitted)).[8]

## IV.     CONCLUSION

Accordingly, the government's motion to dismiss is **GRANTED**. Mr. McCarthy's complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge

---

pension benefits without any supporting factual allegations is not sufficient to establish jurisdiction, which must be established by the plaintiff by a preponderance of the evidence. *See Caesar v. United States*, 2018 WL 5730181, at 7-8 (Fed. Cl. Nov. 2, 2018); *see also Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

[8] Mr. McCarthy also argues that the Court can consider some of his claims that would normally be outside of this Court's jurisdiction by exercising ancillary jurisdiction. [ECF 12] at 10. Because the Court finds that it lacks jurisdiction over all of Mr. McCarthy's claims, however, the Court cannot exercise ancillary jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) (stating that the doctrine of ancillary jurisdiction "recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them.").